USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/09/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CLINTON CAPITAL CORPORATION,

          Plaintiff,

  -against-

257 WEST 21ST STREET ASSOCIATES, INC., et al.,

          Defendants.

16-MC-353 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

After reviewing the parties' letters at Dkt. Nos. 68-71, two things have become clear to this Court:

1. As of May 13, 2020, defendant McNeur affirmatively expressed interest in a judicially supervised mediation to take place in this forum. There is no other plausible interpretation of attorney Lieser's May 13 email to attorney Gallagher (Dkt. No. 69-1), which read, "I received your voicemail about proceeding with mediation. <u>Our client would participate</u>. You mentioned inquiring with the Court. <u>Did you want to reach out to Magistrate [Judge] Moses?</u>" (Emphasis added.)

2. By June 2, 2020, defendant McNeur had – for unknown reasons – changed his mind, and no longer wished to mediate in this forum. There is no other plausible interpretation of attorney Lieser's June 2, 2020 letter to this Court (Dkt. No. 68), which argues that "federal court would not be the proper jurisdiction for future litigation <u>or for mediation</u>"; that any attempt by plaintiff "to modify the state court order," presumably meaning either the 1997 order requiring weekly payments by McNeur or the 2015 order denying plaintiff's application to extend the lien), should

"proceed in state court"; and that mediation should also "take place in state court." Similarly, on June 4, 2020, Lieser reiterated that "mediation should take place in state court." (Dkt. No. 70.)

The Court takes no position on the parties' manufactured disagreement concerning its "jurisdiction" over potential future enforcement proceedings regarding the underlying federal judgment. Settlement is a voluntary undertaking. If defendant is uninterested in pursuing settlement negotiations (or uninterested in whatever assistance this Court can offer in facilitating settlement), it would be a waste of judicial and party resources for this Court to convene a settlement conference.

The parties are hereby directed to advise the Court by joint letter, filed on ECF, when and if they believe a judicially supervised settlement conference would be productive.

Dated: New York, New York
       June 9, 2020

                              SO ORDERED.

                              _____
                              BARBARA MOSES
                              United States Magistrate Judge