USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINTON CAPITAL CORPORATION,

Plaintiff,

-against-

357 WEST 21ST STREET ASSOCIATES, INC., et al.,

Defendants.

16-MC-353 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated December 21, 2020 (Dec. 21 Order) (Dkt. No. 78), I denied two motions (Dkt. Nos. 66, 75), both filed by plaintiff Clinton Capital Corporation (Clinton) to compel compliance with various nonparty subpoenas, because (a) there was no evidence in the record that Clinton had served either motion upon the nonparty subpoena recipients, as required by Fed. R. Civ. P. 45(d)(2)(B)(i); (b) plaintiff had failed to comply with the Individual Practices of the presiding judge, including page limits; and (c) plaintiff had failed to redact social security numbers and other confidential information from its motion papers as required by Fed. R. Civ. P. 5.2(a). Dec. 21 Order at 2-3. However, the denial was "without prejudice to renewal" of either or both motions "in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and my individual practices." *Id*. at 1-2.

By letter-motion dated May 7, 2021 (May 7 Motion.) (Dkt. No. 80), Clinton now requests "a conference to obtain permission to file a motion for reconsideration" of the same two motions to compel that I denied without prejudice on December 21, 2020. Plaintiff advises the Court that it is now "in compliance with Local and Federal Rules with regard to this request," May 7 Mtn. at 1, citing an April 19, 2021 declaration signed by Clinton's counsel Keith Northridge (Northridge Decl.) (Dkt. No. 79), which states that Northridge met and conferred unsuccessfully with counsel

1

for defendant Christopher McNeur – who is also serving as counsel for the subpoena recipients – on various dates in March and April 2021. Northridge Decl. ¶¶ 2, 4. The May 7 Motion does *not* state which non-party subpoenas are now in issue, does *not* quote or attach any of those subpoenas, or the non-parties' corresponding responses, and does *not* state the position of the non-parties as to any of the issues in dispute.

Plaintiff appears to be confused concerning the remedies open to it, as well as the procedures for requesting such remedies.

Plaintiff cannot seek *reconsideration* of the motions that were denied on December 21, 2020, because Local Civil Rule 6.3 requires that any application for reconsideration be made "within (14) days after entry of the Court's determination of the original motion," and that it set forth "the matters or controlling decisions which counsel believe the Court has overlooked." Plaintiff did not move within 14 days of the December 21 Order and does not contend that the Court overlooked any matters or controlling decisions. Plaintiff's May 7 Motion must therefore be DENIED.

In accordance with the December 21 Order, plaintiff may *renew* its motions for orders compelling compliance with one or more of the nonparty subpoenas – and need not obtain advance permission to do so. However, it is required to proceed "in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and my individual practices." Dec. 21 Order at 1-2. That means, among other things, that plaintiff must request a discovery conference by letter-motion. *See* Local Civ. R. 37.2; Moses Ind. Prac. § 2(b). The letter-motion is limited to four pages, exclusive of exhibits, *see* Moses Indiv. Prac. § 1(d)), and "must succinctly set forth the basis of the dispute and the relief sought." *Id*. § 2(b). Additionally, plaintiff must not only certify that the required meet-and-confer took place, but report "the position of any

relevant adverse party" as to the contested issues. *Id*. Plaintiff must also quote verbatim – or attach copies of – the contested discovery requests and responses. *Id*. Whether quoted or attached, the discovery requests and responses must be redacted, in accordance with Fed. R. Civ. P. 5.2(a), so as not to reveal social security numbers or other confidential information. Plaintiff must also file a proof of service of the letter-motion upon the non-party subpoena recipients. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). It is this Court's practice, whenever possible, to resolve discovery disputes at the discovery conference, without requiring formal motion practice.

If plaintiff wishes to *renew* its motion(s) to compel compliance with one or more of the nonparty subpoenas that were the subject of its prior motions, it shall do so, in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and my individual practices, no later than **May 28, 2021**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 80.

Dated: New York, New York
      May 13, 2021

                                      **SO ORDERED**.

                                      _____
                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**