UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ------------------------------------ X | |
|---|---|
| CLINTON CAPITAL CORPORATION,<br>Plaintiff/Judgment Creditor,<br>-against-<br><br>257 WEST 21st STREET ASSOCIATES, INC., 257 WEST 21st STREET EQUITIES, INC and CHRISTOPHER McNEUR,<br>Defendants/Judgment Debtors<br><br>Judgment for $382,612.42 docketed 7/5/95, effective: 6/27/95, under Index No.: 94-cv-00731 RPP | Case No.: 1:16-mc-00353-LAK-BCM<br><br>Civil Action No.: 95.1330 |
| ------------------------------------ X | |

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW
AS COUNSEL FOR PLAINTIFF
AND TO AFFIX A CHARGING LIEN

---

On the Brief: Frank E. Borowsky, Jr.

BOROWSKY & BOROWSKY, LLC
59 Avenue at the Common
Suites 101 & 102
Shrewsbury, NJ 07702
Tel.: 732-212-9400

30 Wall Street, 8th Floor
New York, NY 10005-2205
Tel.: 212-709-8369

TABLE OF CONTENTS

Table of Authorities....................ii

Preliminary Statement....................1

Statement of Facts....................1

Legal Argument....................3

Point I....................3

B&B's Motion Should Be Granted....................3

Point II....................4

B&B Is Entitled To Charging Lien....................4

Conclusion....................6

TABLE OF AUTHORITIES

Cases

*Blunt v. Northern Oneida Count Landfill*,
145 *A.D.*2d 913, 536 *N.Y.S.*2d 295 (4th Dep't 1988)....................5

*Bonnaig v. Nunez*, 12 Civ. 1853 (HB),
2012 U.S. Dist. LEXIS 176876, 2012 WL 6200977, at *6 (S.D.N.Y. Dec. 11, 2012) ..........4

*Casper v. Lew Lieberbaum & Co.*,
No. 97-CV-3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779,
1999 WL 335334, at *7 (S.D.N.Y. May 26, 1999),
*adhered to on reconsideration*, 182 *F. Supp*. 2d 342 (S.D.N.Y. 2002)....................5

*In re Chesley v. Union Carbide Corp.*,
927 *F.*2d 60 (2d Cir. 1991)....................4

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
140 *F.*3d 442 (2d Cir. 1998), No.95 Civ. 2144, 1999 U.S Dist. LEXIS 1101, 1999
*WL* 58680, at *12 (S.D.N.Y. Feb. 4, 1999....................4,5

*Kahn v. Kahn*, 186 A.D.2d 719, 588 N.Y.S.2d 658(2d Dep't 1992)....................5

*Karimian v. Time Equities, Inc.*,
No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, 2011 *WL* 1900092, at *3-4
(S.D.N.Y. May 11, 2011)....................3

*Markakis v. S.S. Mparmpa Christos*,
267 *F.*2d 926 (2d Cir. 1959)....................4

*Raji v. Societe Generale Ams. Sec. LLC*,
15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919 at *12 (S.D.N.Y. Dec. 19, 2016).....5

*Joffe v. King & Spaulding, LLP*, 337 *F.Supp.*3d 366, 368 (S.D.N.Y.2018)....................4,5

*Stair v. Calhoun*,
722 *F. Supp*. 2d 258 (E.D.N.Y. 2010)....................4

*Star Funding, Inc. v. Vault Minerals, LLC*,
15-CV-03026 (GBD)(SN), 2017 U.S. Dist. LEXIS 218629, at *3-4
(S.D.N.Y. Aug. 31, 2017)....................3

*Thekkek v. LaserSculpt, Inc.*, No. 11-CV-4426 (HB) (JLC),
2012 U.S. Dist. LEXIS 7646, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012)..................4

*Tops Mkts., Inc. v. Quality Mkts., Inc.*,
No. 93-CV-0302E(F), 2001 WL 392082, at *3, 2001 U.S. Dist. LEXIS 4238, at *10 (W.D.N.Y. Apr. 4, 2001) ..... 5

*Universal Acupuncture Pain Servs, P.C.*,
370 *F*.3d at 264 ..... 5

Rules
Local Civil Rule 1.4 ..... 1,3

*Rule*
1.16 ..... 3

*R.P.C.* 1.16(b) ..... 3

Other Authorities
*New York Judiciary Law* § 475 ..... 1,4

PRELIMINARY STATEMENT

Pursuant to *Local Civil Rule* 1.4, Borowsky & Borowsky, LLC ("B&B"), seeks leave to withdraw as counsel for plaintiff Clinton Capital Corporation ("CCC"). It also respectfully requests that the Court affix a charging lien against any proceeds recovered by or on behalf of plaintiff or its assignees in this matter.

As set forth in this brief, the primary basis for its application to withdraw is that plaintiff, through Charles Boitano, the principal of the entity managing this litigation on plaintiff's behalf, Harvey, Scott and St. Charles, Ltd. ("Harvey Scott"), has advised that he no longer wishes B&B to represent plaintiff. Based upon this discharge, B&B should be granted leave to withdraw and a charging lien be placed on any judgment or settlement obtained in this matter.

STATEMENT OF FACTS

The matter before the Court is a proceeding supplement to a judgment that was issued on July 5, 1995 in favor of CCC and against defendants/judgment debtors, 257 West 21st Street Associates, Inc., 257 West 21st Street Equities, Inc., and Christopher McNeur.

Harvey Scott, on CCC's behalf, retained B&B to pursue the unpaid judgment as well as accruing costs, interests and fees. At the time of the retention, Keith C. Northridge, Esq. was an attorney affiliated with B&B. He maintained an ongoing and preexisting relationship with Harvey Scott's employees, having originated and handled other collection matters on its behalf. (Exhibit A ("Ex."), declaration of counsel.) Harvey Scott's agreement with B&B provided for a contingent fee payment of amounts recovered in the matter and the payment of expenses. (Ex. A.)

In August of 2021, Mr. Northridge, who at that point, was of counsel to the firm, advised he was leaving to pursue another position at another law firm, located in upstate New York. At

that time, he stated that he was attempting to arrange for the transfer of the file to a former associate of B&B who had assisted Mr. Northridge in the handling of the matter, and that he was pursuing settlement options. However, Mr. Northridge never advised of the outcome of those efforts. (Ex. A.)

By email dated October 3, 2021, Charles Boitano, the principal of Harvey Scott, requested that B&B turn the file over to him. (Ex. A.) A telephone call was placed to Mr. Boitano to in an effort to discuss the logistics of a substitution, but that call was not returned. Instead, another email was sent, reiterating the request for the file.

The firm responded, advising that it would comply with all appropriate requests in accordance with the law and suggested that Harvey Scott arrange for new counsel to send an appropriate substitution of attorney to ensure continuity of representation, and to avoid the expense and inconvenience of court intervention, *i.e.,* this motion. (Ex.A.) That response also reminded plaintiff that B&B expended a significant amount of time on the matter and noted B&B's lien on any future settlement. (Ex.A.) Harvey Scott responded by reiterating its demand for the file, without any identification of new counsel and preemptively rejected an attorney lien. (Ex.A.) (To obviate the inconvenience to the Court of seeking to file this application under seal, communications supporting the foregoing factual recitation are not attached to the supporting declaration. However, such supporting material is available for the Court's *in camera* review upon request.)

B&B now moves to be relieved of counsel and for the Court to confirm B&B's charging lien.

## LEGAL ARGUMENT

### POINT I
### B&B's MOTION TO WITHDRAW SHOULD BE GRANTED

This Court's rules provide that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order." *Loc.Civ.R.* 1.4. *See, Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, 2011 *WL* 1900092, at *3-4 (S.D.N.Y. May 11, 2011). *Rule* 1.16 of the Rules of Professional Conduct (*R.P.C.*) provides that an attorney "shall withdraw from the representation of a client if: ... (3) the lawyer is discharged."

The communications cited above confirm that, in light of Mr. Northridge's departure from B&B, plaintiff no longer wants to be represented by B&B. In response, B&B specifically advised plaintiff that it was amenable to a change in counsel, and suggested that Harvey Scott arrange for representation by new counsel to comply with the Court's rules regarding withdrawal to obviate the necessity of this motion. That request was rejected, necessitating this application.

Alternatively, to the extent it is necessary to preserve the argument, conversely speaking, Harvey Scott's position regarding continued representation and its preemptive rejection of the firm's lien, despite the fact that the firm has expended significant resources on its behalf in this, and other, cases for several years, establishes the necessity for B&B to be relieved as counsel. *R.P.C.*1.16(b). "[I]t is firmly established that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Rule 1.4." *Star Funding, Inc. v. Vault Minerals, LLC,* 15-CV-03026 (GBD)(SN), 2017 U.S. Dist. LEXIS 218629, at *3-4 (S.D.N.Y. Aug. 31, 2017) (*citing Thekkek v. LaserSculpt, Inc.*, No. 11-CV-4426 (HB) (JLC), 2012 U.S. Dist. LEXIS

7646, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012)); *Stair v. Calhoun*, 722 *F. Supp*. 2d 258, 265 (E.D.N.Y. 2010) (citing cases).

Accordingly, B&B should be relieved as counsel to plaintiff. It is requested that the Court enter an order to that effect and for the plaintiff to make appropriate arrangements for continued representation.

POINT II

B&B IS ENTITLED TO A CHARGING LIEN

Pursuant to *New York Judiciary Law* § 475, "[f]rom the commencement of an action, . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor ... The court upon the petition of the client or attorney may determine and enforce the lien." "New York Judiciary Law § 475 governs attorneys' charging liens in federal courts sitting in New York." *Itar-Tass Russian News Agency v. Russian Kurier, Inc*., 140 *F*.3d 442, 447 (2d Cir. 1998) (*citing Markakis v. S.S. Mparmpa Christos*, 267 *F*.2d 926, 927 (2d Cir. 1959). "[T]he Second Circuit has 'long recognized that the lien created by section 475 ... is enforceable in federal courts in accordance with its interpretation by New York courts.'" *Id*. at 449 (*quoting In re Chesley v. Union Carbide Corp*., 927 *F*.2d 60, 67 (2d Cir. 1991)).

Thus, "[u]nder New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the case in which the attorney rendered legal services." *Joffe v. King & Spaulding, LLP*., 337 *F.Supp*.3d 366, 368 (S.D.N.Y.2018). "[A] lawyer's right to recover in *quantum meruit* accrues immediately upon discharge." *Id*. at 369, *quoting*, *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 *F*.3d 259, 263-64 (2d Cir. 2004) (internal citations omitted). *See also*,

*Bonnaig v. Nunez*, 12 Civ. 1853 (HB), 2012 U.S. Dist. LEXIS 176876, 2012 WL 6200977, at *6 (S.D.N.Y. Dec. 11, 2012) (*citing Itar-Tass Russian News Agency v. Russian Kurier*, Inc., No. 95 Civ. 2144, 1999 U.S. Dist. LEXIS 1101, 1999 *WL* 58680, at *12 (S.D.N.Y. Feb. 4, 1999) (*citing Kahn v. Kahn*, 186 A.D.2d 719, 588 *N.Y.S.*2d 658, 659 (2d Dep't 1992)). "Recovery in *quantum meruit* is permitted even where the attorney and the client had previously agreed that the attorney was to be compensated on a contingency basis." *Itar-Tass*, 1999 U.S. Dist. LEXIS 1101, 1999 *WL* 58680, at *12 (*citing Blunt v. Northern Oneida Count Landfill*, 145 *A.D.*2d 913, 536 *N.Y.S.*2d 295, 297 (4th Dep't 1988)).

Furthermore, a "court 'has discretion to defer the determination of the fair and reasonable value of a discharged attorney's fees under *quantum meruit* until the conclusion of the litigation.'" *Universal Acupuncture,* 370 *F.*3d at 264 (*quoting Tops Mkts., Inc. v. Quality Mkts., Inc.,* No. 93-CV-0302E(F), 2001 *WL* 392082, at *3, 2001 U.S. Dist. LEXIS 4238, at *10 (W.D.N.Y. Apr. 4, 2001)); *Raji v. Societe Generale Ams. Sec. LLC,* 15-CV-1144 (AT) (JLC), 2016 U.S. Dist. LEXIS 175919 at *12 (S.D.N.Y. Dec. 19, 2016) ("defer[ring] any decision on the amount of [plaintiff's counsel's] charging lien until the conclusion of this case." *Citing, Casper v. Lew Lieberbaum & Co.*, No. 97-CV-3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334, at *7 (S.D.N.Y. May 26, 1999), *adhered to on reconsideration*, 182 *F. Supp.* 2d 342 (S.D.N.Y. 2002)).

B&B has expended considerable effort over the past several years attempting to collect an unpaid judgment owed to plaintiff by essentially trying to pierce multiple corporate veils. The firm is entitled to a charging lien for these efforts, which, to date, have resulted in a settlement offer at a settlement conference and a court-recommended suggested settlement amount of over twice that offer.

In this case, because the case has not yet concluded, it may be difficult for the Court to make a determination of the full fair and reasonable value of B&B's fees. *Joffe, supra.* Accordingly, it is requested that the Court confirm B&B's rights to fees on that amount, along with a preservation of a right to fees on any additional amounts.[1]

## CONCLUSION

Based on the foregoing, Borowsky & Borowsky, LLC requests that the Court grant it leave to withdraw as counsel for Plaintiff, affix a charging lien as set forth, and grant such other relief as the Court deems proper.

BOROWSKY & BOROWSKY, LLC
Attorneys at Law
Attorneys for Plaintiff/Judgment Creditor

s/ Frank E. Borowsky, Jr.
FRANK E. BOROWSKY, JR. (8694)

59 Avenue at the Common
Suites 101 & 102
Shrewsbury, NJ 07702
Tel.: (732) 212-9400
fborowsky@borowskylawfirm.com
30 Wall Street, 8th Floor- #8369
New York, NY 10005-2205
Tel.: (212) 709-8369
fborowsky@borowskylawfirm.com

Dated: November 18, 2021

[1] To the extent an election as to recovery pursuant to *quantum meruit* or a contingency fee is required at this juncture, B&B would elect recovery under *quantum meruit.*