# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CLINTON CAPITAL CORPORATION,            : Case No.: 1:16-mc-00353-
             Plaintiff/Judgment Creditor  :: LAK-BCM
 -against-                             :
                                      : Civil Action No.: 95.1330
257 WEST 21st STREET ASSOCIATES, INC., 257 :
WEST 21st STREET EQUITIES, INC and  : DECLARATION
CHRISTOPHER McNEUR,                     :
             Defendants/Judgment Debtors: 
                                      :
Judgment for $382,612.42 docketed 7/5/95, effective:
6/27/95, under Index No.: 94-cv-00731 RPP   :
----------------------------------------X

FRANK E. BOROWSKY, JR., declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a member of the firm of Borowsky & Borowsky, LLC ("B&B") withdrawing counsel for plaintiff, and was admitted to practice before this Court in December of 2002. This Declaration is based on my knowledge of the matter, including information that was communicated to me by attorneys who previously were employed or otherwise affiliated with the firm.

2. This Declaration in lieu of Affidavit is submitted in support of B & B's motion to be relieved of counsel in this matter. It is also presented in sanitized form to avoid the necessity of unnecessarily seeking to seal any documents. If necessary, the contents of this certification can be supported by confidential documents that are appropriate for *in camera* review as required by the Court.

3. The basis for this motion is that the firm has been discharged by plaintiff.

4. The matter before the Court is a proceeding supplement to a judgment that was issued on July 5, 1995 in favor of plaintiff and against the defendants/judgment debtors.

5. The matter is being prosecuted on the plaintiff's behalf by Harvey, Scott and St. Charles, Ltd. ("Harvey Scott"). Harvey Scott retained B&B to pursue the unpaid judgment as well as accruing costs, interests and fees.

6. At the time of that retention, Keith C. Northridge, Esq. was affiliated with B&B. Mr. Northridge had maintained an ongoing and preexisting relationship with Harvey Scott's employees, and had previously originated and handled other collection matters on its behalf. The standard arrangement was a contingency fee, in addition to the payment of expenses.

7. Mr. Northridge communicated with Harvey Scott personnel, and assigned other associates of the firm to perform work on its files. In this case, billing entries indicate that Mr. Northridge and other firm personnel expended a substantial amount of time prosecuting this matter since it was opened in 2015.

8. In August of 2021, Mr. Northridge, who at that point, was of counsel to the firm, advised he was terminating his agreement with the firm to pursue another position at another law firm, located in upstate New York.

9. Mr. Northridge also advised that he was attempting to arrange for the transfer of the file to a former associate of B&B who had assisted Mr. Northridge in the handling of the matter, and that he was pursuing settlement options. However, Mr. Northridge never advised the undersigned the outcome of those efforts.

10. By email dated October 3, 2021, Charles Boitano, the principal of Harvey Scott, requested that B&B turn the file over to him.

11. The undersigned reviewed the matter, and telephoned Mr. Boitano, in an effort to amicably arrange for new counsel to assume management of the file to avoid the necessity of

Court intervention. Someone answered the call and indicated that Mr. Boitano would be advised of my call.

12. By email dated October 13, 2021, Mr. Boitano sent another email, in which he acknowledged my telephone call, but again demanded possession of the file without identifying new counsel.

13. The undersigned responded by advising of the firm's willingness to accommodate his wishes regarding future management of this litigation, and to provide for a transition in representation consistent with applicable law. The communication also advised that, to avoid court intervention, an appropriate substitution of counsel would need to be filed. Harvey Scott was also advised of the firm's charging lien for the services it performed.

14. By email dated November 1, 2021, Harvey Scott's principal responded, again demanding the file without identifying replacement counsel, and rejecting the assertion of the lien.

15. Based on the foregoing, it is clear that plaintiff has discharged B&B from the case, and that, B&B otherwise should be relieved as counsel for plaintiff, and that the Court should enforce B&B's lien in this matter.

I certify that the foregoing is true to the best of my knowledge and recollection. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> BOROWSKY & BOROWSKY, LLC
> Attorneys at Law
> Attorneys for Plaintiff/Judgment Creditor
>
> s/ Frank E. Borowsky, Jr.
> FRANK E. BOROWSKY, JR. (8694)
> 59 Avenue at the Common
> Suites 101 & 102
> Shrewsbury, NJ 07702
> Tel.: (732) 212-9400

3

fborowsky@borowskylawfirm.com
30 Wall Street, 8th Floor- #8369
New York, NY 10005-2205
Tel.: (212) 709-8369

Dated: November 18, 2021

4