

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINTON CAPITAL CORPORATION,

        Plaintiffs,

-against-

257 WEST 21ST STREET ASSOCIATES, INC., et al.,

        Defendants.

16-MC-353 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Attorney Frank E. Borowsky, Jr. of the law firm Borowsky & Borowsky (B&B) has filed a motion, made on behalf of himself and the other B&B attorneys who have appeared as counsel of record in this action for plaintiff Clinton Capital Corporation (Clinton), seeking an order (1) granting leave to withdraw as counsel for Clinton, and (2) finding that the firm is entitled to a charging lien against any future judgment or settlement of this action, pursuant to N.Y. Jud. Law § 475, with the amount of the lien to be determined at the conclusion of the case. (Dkt. No. 96.) The motion is supported by the Declaration of Frank E. Borowsky, Jr. (Borowsky Decl.) (Dkt. No. 96-2) and has been served upon Charles J. Boitano of Harvey, Scott & St. Charles, Ltd. (Harvey Scott), an entity which, according to Borowsky, is prosecuting this action "on plaintiff's behalf." Borowsky Decl. ¶ 5; *see* Decl. of Service (Dkt. No. 96-4) at 1.

    The motion is made on the ground that "the firm has been discharged by plaintiff," acting through Boitano, who has repeatedly demanded via email that B&B "turn the file over to him." Borowsky Decl. ¶¶ 3, 10-15.[1] According to Borowsky, however, Harvey Scott has "reject[ed] the

---

[1] Although B&B has not – at this point – turned over the file, it does not appear to seek a retaining lien and will presumably forward its file, as directed by plaintiff, at such time as the Court grants the motion to withdraw.

assertion of the [charging] lien." *Id*. ¶ 14. Further, although Clinton is not a natural person, and therefore can only prosecute this action through counsel, no successor counsel has been identified to take B&B's place. *Id*. ¶ 14.[2]

IT IS HEREBY ORDERED that responding papers, if any, shall be submitted no later than **December 3, 2021**, and replies, if any, shall be submitted no later than **December 10, 2021**.

IT IS FURTHER ORDERED that if plaintiff Clinton wishes to rely on sensitive or confidential information in its response to the motion, it may submit that response directly to chambers by mail, courier, or overnight delivery service, addressed to:

Chambers of the Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

The response must be signed by an authorized representative of Clinton, must indicate the name and docket number of this case, and must arrive in chambers on or before **December 3, 2021.** Additionally, Clinton must serve a copy of its response on attorney Borowsky (by mail, courtier, overnight delivery service or email) at the same time it submits that response to the Court, but need not serve the response on any other party.

The Court notes that, while an attorney may be granted leave to withdraw upon "a showing of satisfactory reasons," Local Civ. R. 1.4, that same attorney is entitled to a charging lien only if "he has withdrawn for 'good cause,' which is a higher standard than the 'satisfactory

---

[2] Three attorneys have appeared on plaintiff's behalf in this action: Borowsky, Keith Charles Northridge, and Adam K. Gallagher. Northridge is listed on the Court's electronic docket as an attorney at B&B, but according to Borowsky is "terminating his agreement with the firm to pursue another position at another law firm." Borowsky Decl.¶ 8. Gallagher is listed on the Court's electronic docket as an attorney at Herold Law, PA, but in recent filings (*e.g.*, Dkt. Nos. 66-1, 87-2) he has identified himself as an attorney at B&B. It thus appears that if the motion to withdraw is granted, plaintiff Clinton will be unrepresented.

reason' requirement of Local Civil Rule 1.4." *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *3 (S.D.N.Y. Aug. 15, 2005) (permitting withdrawal but not granting a charging lien where the court could not determine a dispute over legal fees allegedly owed which, "under the retainer agreement, is to be resolved through mediation or arbitration"); *see also Winkfield v. Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *2 (S.D.N.Y. Jan. 29, 2013) ("Attorneys who terminate their representation are still entitled to enforce a lien, as long as the attorney does not withdraw without 'good cause' and is not discharged for 'good cause.'" (internal citation omitted)); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (collecting cases); *Hae Sook Moon v. City of N.Y.*, 255 A.D.2d 292, 679 N.Y.S.2d 648 (2d. Dep't 1998) ("where attorney withdraws without good cause, his or her lien is automatically forfeited").

Dated: New York, New York
       November 19, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**