UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINTON CAPITAL CORPORATION,

        Plaintiff,

-against-

257 WEST 21ST STREET ASSOCIATES, INC., et al.,

        Defendants.

16-MC-353 (LAK) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/2025

**BARBARA MOSES, United States Magistrate Judge.**

      Thirty years ago, on June 27, 1995, a judgment (Judgment) (Dkt. 66-11) was entered in this Court in favor of Maxwell Rabb, as receiver of Clinton Capital Corporation (Clinton), against 257 West 21st Street Associates, Inc., 257 West 21st Street Equities, Inc., and Christopher McNeur (McNeur), in the amount of $382,612.42. Nine years ago, on October 4, 2016, Clinton initiated this action, pursuant to Fed. R. Civ. P. 69(a)(2), to obtain discovery in aid of its efforts to collect monies still owed on the Judgment.

      The proceedings in this Court since 2016 have consisted primarily of sporadic motions to compel compliance with, or sanction noncompliance with, various nonparty subpoenas served by Clinton upon persons and entities that are associated with McNeur and that Clinton suspects of holding or hiding assets belonging to McNeur. Most recently, by letter-motion dated June 4, 2021 (Dkts. 85, 87), Clinton sought an order compelling thirteen non-party entities (the Entities) to produce additional documents in response to subpoenas served upon them in 2019. Four years ago, on August 2, 2021, I granted that motion in part, and ordered the Entities to produce various documents on or before November 1, 2021. *See* 8/2/21 Order (Dkt. 94) at 3-4.

      Now before me, on referral from the District Judge (Dkt. 124), is Clinton's motion (Mot.) (Dkt. 123), filed on September 9, 2025, for "contempt." Invoking Fed. R. Civ. P. 70(e), Clinton

asks the Court to hold the Entities in contempt of my 8/2/21 Order, direct them to comply with that Order, and "issu[e] a fine in the amount of Plaintiff's costs and reasonable attorneys' fees for the preparation of the instant motion." Mot. at 1-2. The motion is supported by the affirmation of Clinton's current attorney, Steven Giordano, who states that "the Entities failed to comply with the Court's Order dated August 2, 2021. In fact, the Entities failed to provide any documents whatsoever." Giordano Aff. (Dkt. 123-1) ¶ 10.

On September 18, 2025, David Lieser, an attorney for McNeur and the Entities, filed an opposing affirmation, arguing that the contempt motion should be denied because the Entities "fully complied with the [8/2/21] Order by producing additional documents on November 1, 2021." Leiser Aff. (Dkt. 125) ¶ 2.[1] Lieser notes that it has been four years since the 8/2/21 Order was issued, and asserts that Clinton's attorneys (including its current attorney, who appeared for the first time on September 9, 2025, the same day he filed the contempt motion) "never contacted the Non-Party Entities during these years to raise concerns of potential non-compliance." *Id*. ¶ 4. Lieser attaches a letter dated November 1, 2021, addressed to Clinton's then-attorney Keith Northridge, advising that he was enclosing documents bates-stamped NONPARTIES-0001 through NONPARTIES-0274. *Id*. Ex. A (Dkt. 125-1).

---

[1] "An affirmation is a creature of New York state practice that is akin to a declaration under penalty of perjury." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 450 n.2 (S.D.N.Y. 2023). In the New York state courts, an "affirmation" may be used "with the same force and effect as an affidavit," if it is subscribed under penalty of perjury using the language prescribed by CPLR § 2106. In federal court, a "declaration" may be used with the same force and effect as an affidavit, if it is subscribed under penalty of perjury using the language prescribed by 28 U.S.C. § 1746. The parties are directed to conform their papers to federal practice standards.

Additionally, plaintiff is directed to comply with the Local Civil Rules of this Court, which require that "the cases and other authorities relied on" in support of or in opposition to a motion be set forth separately in a memorandum of law. Local Civil Rule 7.1(a)(2), 7.1(b). The Giordano Affirmation combines factual assertions with legal argument, including citations to cases, statutes and rules. This is impermissible. *See Bruno v. City of Schenectady*, 2014 WL 2707962, at *3 (N.D.N.Y. June 16, 2014) ("'briefadavits' . . . are impermissible in this District").

The District Judge referred plaintiff's motion to me as a "non-dispositive" motion to compel discovery. And rightly so. Rule 70, upon which Clinton relies, is entitled "Enforcing a Judgment," and permits a federal district court to issue various orders, including an order holding the disobedient party in contempt, in order to enforce "a judgment" requiring that party to "convey land, to deliver a deed or other document, or to perform any other specific act." Fed. R. Civ. P. 70(a), 70(e). By its clear terms, Rule 70 "applies only to parties who have failed to perform specific acts pursuant to a judgment." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990).

This Court's 8/2/21 Order required the non-parties Entities to perform specific acts – that is, to produce certain documents – but it is not a "judgment" within the meaning of Rule 70. It is simply a nonparty discovery order issued pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i). While contempt is among the sanctions potentially available for willful disobedience of such an order, *see* Fed. R. Civ. P. 45(g), the Local Civil Rules of this District are clear that:

> [N]o motion under . . . Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference.

Local Civ. R. 37.2. Likewise, under this Court's Individual Practices:

> No discovery dispute will be heard unless the moving party . . . has first conferred in good faith and in "real time" (*e.g.*, in person or by telephone) with the adverse party or parties, in an attempt to resolve the dispute. An exchange of letters or email alone does not satisfy this requirement. Counsel must respond promptly and in good faith to a request from another party to meet and confer in accordance with this paragraph.

Moses Ind. Prac. § 2(b).

Plaintiff Clinton failed to comply with either the Local Civil Rules or this Court's Individual Practices.[2] Moreover, attorney Giordano apparently failed to apply the common-sense rule that an attorney new to a case should review the file carefully, make sure he has his facts straight – and talk to his adversary – before seeking sanctions for failing to comply with a discovery order.

For these reasons, Clinton's motion is DENIED, without prejudice to refiling pursuant to Rule 45(g) after plaintiff has complied in full with Local Civil Rule 37.2 and this Court's Individual Practices. The Clerk of Court is respectfully directed to close the motion at Dkt. 123.

Dated: New York, New York
September 19, 2025

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] This is not the first time that Clinton has failed to comply with these rules. *See* 12/21/20 Order (Dkt. 78) at 1-2 (denying Clinton's initial motions to compel the Entities to produce additional documents "without prejudice to renewal in compliance with the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and my individual practices").